```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **PHILIP FRAZIER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **STATE OF PENNSYLVANIA; JOHN A.** | : | |
| **PALKOVICH, Superintendent; SCI** | : | |
| **MEDICAL DISPENSARY DOCTOR AND** | : | |
| **2 STAFF MEMBERS** | : | **NO. 06-5683** |

M E M O R A N D U M

DUBOIS, J.                                              JANUARY    , 2007

Plaintiff, a prisoner at the State Correctional Institution at Rockview, has filed a pro se 42 U.S.C. § 1983 civil rights action in which he alleges that he was denied proper medical treatment for a serious medical condition while he was incarcerated at the State Correctional Institution at Smithfield.

For the reasons outlined below, the Court will grant plaintiff in forma pauperis status for the purpose of filing this action in this Court.  The action will then be transferred to the United States District Court for the Middle District of Pennsylvania for consideration of plaintiff's complaint.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides that this action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Plaintiff alleges that his constitutional rights were violated while he was incarcerated at the State Correctional Institution at Smithfield, which is located in the Middle District of Pennsylvania.  Because his claims did not arise in the Eastern District of Pennsylvania, and the defendants appear to reside in the Middle District of Pennsylvania, venue is improper in this Court.  When venue is improper, as in this case, the Court may, in the interests of justice, transfer the case to a district court in which it could have been brought.  28 U.S.C. § 1406(a).  Under the facts set forth in the complaint, this case could have been brought in the Middle District of Pennsylvania.  Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the United States District Court for the Middle District of Pennsylvania.

An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PHILIP FRAZIER                    :       CIVIL ACTION
                                  :
          v.                      :
                                  :
STATE OF PENNSYLVANIA; JOHN A.    :
PALKOVICH, Superintendent; SCI    :
MEDICAL DISPENSARY DOCTOR AND     :
2 STAFF MEMBERS                   :       NO. 06-5683
```

**O R D E R**

AND NOW, this      day of January, 2007, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED;

2. The Clerk of Court is directed to immediately TRANSFER this action to the United States District Court for the Middle District of Pennsylvania along with a certified copy of the docket and all papers and the file in this matter; and

3. The Clerk of Court shall CLOSE this case statistically.

                              BY THE COURT:


                              /S/ JAN E. DUBOIS, J.